# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **FARSHAD OREIZI,** | **CASE NO. 1:18-cv-00662-AWI-EPG** |
| **Plaintiff,** | |
| **v.** | **ORDER ON MOTIONS IN LIMINE** |
| **COUNTY OF FRESNO and DOES 1 through 20, inclusive,** | (Doc. Nos. 40 & 44) |
| **Defendants.** | |

## INTRODUCTION

This case arises from Plaintiff Farshad Oreizi's former employment with Defendant County of Fresno ("the County").

A majority of Oreizi's action is predicated on his allegations of the County's actions of discrimination and retaliation based on his national origin.  As drawn from the complaint, Oreizi was born in Iran, immigrated to the United States at the age of 15, became a naturalized American citizen, and continues to have an Iranian accent.  From 1996 until March 2017, Oreizi worked in the County's Department of Agriculture.  In 2007, he rose to a position supervising the largest district within that department.  In 2009, Oreizi's supervisor Les Wright told him "don't side with the bad guys," when Oreizi requested leave to go to Iran for his father's funeral.  In April 2016, Oreizi's supervisor Stace Leoni told Oreizi that he had problems working with women because he was from the Middle East.  Leoni repeated claims of this kind on numerous occasions.  Thereafter, Oreizi sought advice from the County's Human Resources Department and later informed Leoni about this contact.  Following a back and forth, Leoni demanded Oreizi meet with her regarding the complaints, at which time Oreizi informed Leoni that he objected to her stereotyping him as a sexist Middle-Easterner.  In May 2016, Oreizi requested a meeting with Leoni and other

supervisors.  Leoni recorded the meeting without Oreizi's knowledge.  Leoni also secretly recorded another meeting between Oreizi, Leoni, and another person around the same time.  In June 2016, Oreizi was advised he had been placed on administrative leave.  In October 2016, he was given a disciplinary action order, which advised that he would be terminated on October 12, 2016.  Oreizi requested a hearing before the Fresno County Civil Service Commission.  After holding a hearing, the Commission reversed the decision of termination and ordered that Oreizi be reinstated subject to a 240-hour suspension without pay.  The County's appeal of the Commission's determination was rejected.  Oreizi returned to work on March 15, 2017.  He was then constructively terminated when he submitted his resignation on March 18, 2017.

Oreizi currently proceeds to trial with eight causes of action:  (1) discrimination under the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12940; (2) retaliation under § 12940; (3) failure to provide a workplace free of harassment, discrimination, and retaliation under § 12940; (4) whistleblower retaliation (pre-civil service hearing) under Cal. Labor Code § 1102.5; (5) whistleblower retaliation (post-civil service hearing) under § 1102.5; (6) violation of the Fair Labor Standards Act, 29 U.S.C. § 207(a)(1); (7) defamation; and (8) invasion of privacy.  Doc. No. 1 at 6–19 ("Compl.").

In anticipation of trial, Oreizi has filed a motion in limine, and the County has filed sixteen.  Doc. Nos. 40 & 44.  The Court held a hearing on the motions on August 30, 2021.

**LEGAL STANDARDS**

A.    **Motions in limine**

"A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." United States v. Heller, 551 F.3d 1108, 1111 (9th Cir. 2009).  Motions in limine may be "made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." Luce v. United States, 469 U.S. 38, 40 n.2 (1984).  "Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." Id. at 41 n.4; Jonasson v. Lutheran Child & Family Servs., 115 F.3d 436, 440 (7th Cir. 1997); see also City of

1  Pomona v. SQM N. Am. Corp., 866 F.3d 1060, 1070 (9th Cir. 2017) (explaining motions in limine

2  "are useful tools to resolve issues which would otherwise clutter up the trial" (quoted source

3  omitted)).

4       In Hana Financial, Inc. v. Hana Bank, the Ninth Circuit cited with approval the following

5  "standards applicable to motions in limine":

6       Judges have broad discretion when ruling on motions in limine.  However, a motion in
        limine should not be used to resolve factual disputes or weigh evidence.  To exclude
7       evidence on a motion in limine, the evidence must be inadmissible on all potential
        grounds.  Unless evidence meets this high standard, evidentiary rulings should be deferred
8       until trial so that questions of foundation, relevancy and potential prejudice may be
        resolved in proper context.  This is because although rulings on motions in limine may
9       save time, costs, effort and preparation, a court is almost always better situated during the
10      actual trial to assess the value and utility of evidence.

11 735 F.3d 1158, 1162 n.4 (9th Cir. 2013) (citing Goodman v. Las Vegas Metro. Police Dep't, 963

12 F. Supp. 2d 1036, 1047 (D. Nev. 2013), rev'd in part on other grounds by 613 F. App'x 610 (9th

13 Cir. 2015)); see also Tritchler v. County of Lake, 358 F.3d 1150, 1155 (9th Cir. 2004).

14      By resolving a motion in limine, the court may prevent the presentation of potentially

15 prejudicial evidence to the jury, which also eliminates the need to try to neutralize a prejudicial

16 taint after the evidence has already been presented.  See Brodit v. Cambra, 350 F.3d 985, 1004–05

17 (9th Cir. 2003).  Notwithstanding a motion in limine ruling, a court may change course at trial in

18 the event that testimony or other evidence "bring[s] facts to the district court's attention that it did

19 not anticipate at the time of its initial ruling."  United States v. Bensimon, 172 F.3d 1121, 1127

20 (9th Cir. 1999) (citing Luce, 469 U.S. at 41–42).

21

22      **B.      Admissibility generally**

23      Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it

24 would be without the evidence, and (b) the fact is of consequence in determining the action.  Fed.

25 R. Evid. 401.  Irrelevant evidence is not admissible. Fed. R. Evid. 402.  "Relevancy is not an

26 inherent characteristic of any item of evidence but exists only as a relation between an item of

27 evidence and a matter properly provable in the case."  Sprint/United Mgmt. Co. v. Mendelsohn,

28 552 U.S. 379, 387 (2008) (quoting Fed. R. Evid. 401 advisory committee notes).  Even if

1  relevance is established, the court may exclude evidence "if its probative value is substantially

2  outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues,

3  misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

4  Fed. R. Evid. 403.

5

6  **DISCUSSION**

7        In this order, the Court will address the County's Motions in Limine Nos. 1 through 15

8  (exclusive of Nos. 3 and 4).  For the matters not addressed here, during the motions-in-limine

9  hearing, the Court instructed the parties to meet and confer and provide a proposed summary

10  judgment briefing schedule.  The Court will reserve its rulings on these matters at this time.

11

12        **A.      The County's Motion No. 1 concerning evidence for defamation claim**

13        The County seeks an order excluding evidence regarding Oreizi's defamation cause of

14  action.  Doc. No. 44 at 6–7.

15        As background, under his seventh cause of action, Oreizi first incorporates all preceding

16  allegations.  Compl., ¶ 50.  He then alleges that in June 2016, County employees told a grower

17  who had worked with Oreizi that the grower "should call the Sheriff's Department immediately" if

18  Oreizi should come to the grower's property.  Id., ¶ 52.  Oreizi alleges that the grower understood

19  this to mean that Oreizi was a criminal or terrorist and that Oreizi was a threat to the grower's life.

20  Id.  Oreizi alleges that other growers were told the same thing and that there were discussions

21  within the County describing him as a threat or a criminal.  Id.

22        In its motion, the County asserts that Oreizi should be barred from introducing evidence to

23  prove his defamation cause of action at trial because he failed to first present such a claim under

24  California's Government Claims Act.  See Cal. Gov't Code § 945.4.

25        Oreizi's opposition contains two positions.  Doc. No. 46 at 3.  First, Oreizi concedes that

26  he failed to comply with the Government Claims Act as to this claim, and states that he agrees to

27

28

the dismissal of his defamation cause of action.[1]  Second, he disputes that, notwithstanding this dismissal, evidence regarding relevant defamatory statements should be admissible at trial.  He contends that such evidence is consistent with and corroborates the central tenet of his case: namely, that he was discriminated against because of his national origin and that he later suffered retaliation when he complained of such discrimination.  To that point, he emphasizes that the terrorism-themed comments that were made to growers were similar to others regarding his Iranian ancestry that were made to him by his supervisors and that underlie his discrimination claim.

In reply, the County accepts Oreizi's proposal to dismiss his claim.  Doc. No. 57 at 3.  It also asserts that Oreizi's contention that defamation-related evidence should still be admitted is without merit, as none of the alleged statements were based on him being a terrorist or his national origin.  The County argues Oreizi is merely attempting an end-run on the Government Claims Act.

To start, the Court finds that the County's motion effectively seeks a dispositive ruling on Oreizi's defamation claim.  This is not an appropriate use of a motion in limine.  Notwithstanding, based on Oreizi's proposal, the Court will dismiss the defamation cause of action.  The Court will also deny the County's blanket request to exclude any evidence that could have supported that claim, as the County has not yet identified specific evidence that is properly excluded as inadmissible.  The County may renew its motion at trial outside the presence of the jury.  At that time, it must be prepared to show how any disputed evidence is wholly inadmissible.

### B.    The County's Motion No. 2 concerning evidence for invasion of privacy claim

The County seeks an order excluding evidence regarding Oreizi's invasion of privacy cause of action.  Doc. No. 44 at 8–9.

As background, under his eighth cause of action, Oreizi incorporates all preceding allegations and then alleges that, in April 2016, County agents or employees secretly recorded a conversation or meeting with him without his knowledge or permission.  Compl., ¶¶ 55–56.  He

---

[1] Oreizi reiterated and confirmed this position at the motions-in-limine hearing.

further alleges that he believed that this conversation or meeting was confidential and not being overheard by anyone other than the participants.  Id., ¶ 56.  Oreizi alleged that these actions of the County violated California Penal Code § 632.  Id., ¶ 57.  Elsewhere in the complaint, Oreizi alleged that in May 2016 he requested a meeting with his supervisor Stace Leoni and other supervisors after he had (1) sought advice from human resources to complain about Leoni and inquire about his rights in dealing with difficult supervisors; (2) revealed the contact with human resources to Leoni and endured a very angry reaction from Leoni as well as demands to know the reason for such contact; and (3) informed Leoni in a meeting that followed that he objected to her stereotyping him as a sexist Middle-Easterner.  Id., ¶¶ 9–10.  Oreizi next alleges that Leoni recorded the May 2016 meeting without his knowledge, as well as another meeting between him, Leoni, and another person around the same time.  Id., ¶ 10.  He believed these meetings were confidential and not recorded, and only learned of the recordings through a County investigator at the end of 2016.  Id.  Oreizi alleges that he is informed and believes that Leoni recorded other meetings without his knowledge.  Id.

The County's motion follows the same pattern as the one above.  Namely, the County contends that Oreizi failed to comply with the claim presentation requirements of the Government Claims Act for purposes of his invasion of privacy cause of action and that Oreizi should be barred from introducing evidence to prove the cause of action at trial because of this failure.

Oreizi opposes this motion as he opposed the motion above.  Doc. No. 46 at 4.  He concedes dismissal of the invasion of privacy cause of action on grounds of his failure to comply with the Government Claims Act,[2] but disagrees with total exclusion of evidence regarding the statements to growers and secret recording of meetings as that evidence is consistent with and corroborates those claims he will bring to trial.

In reply, the County accepts Oreizi's proposal to dismiss his claim.  Doc. No. 57 at 4.  It also argues that Oreizi's contention that evidence related to that claim should still be admitted is without merit and that Oreizi is merely attempting an end-run on the Government Claims Act.

---

[2] Once again, Oreizi reiterated and confirmed this position at the motions-in-limine hearing.

6

1    The Court reaches the same conclusion here as it did above for the County's challenge to
2    Oreizi's defamation cause of action.  That is, based on Oreizi's filing, the Court will dismiss the
3    invasion of privacy cause of action.  As to the admissibility of any evidence that could have
4    supported that claim, the Court will deny the County's blanket request and reserve further ruling
5    on such matters at this time.  The County may renew its motion at trial outside the presence of the
6    jury, at which time it must be prepared to show why any disputed evidence should be excluded.

7

8           **C.     The County's Motion No. 5 concerning settlement/compromise evidence**

9           The County seeks an order excluding evidence regarding settlement discussions or offers
10   to compromise, including any details therein as it relates to Oreizi and previous plaintiffs.  Doc.
11   No. 44 at 14.  The County bases its request on Federal Rule of Evidence 408.  Oreizi does not
12   oppose the County's motion.  Doc. No. 46 at 10.  Accordingly, the Court will grant the County's
13   motion based on and in a manner consistent with the County's request.

14

15          **D.     The County's Motion No. 6 concerning presence of non-testifying witnesses**

16          The County seeks an order requiring exclusion from the courtroom of all non-party
17   witnesses who are not testifying.  Doc. No. 44 at 15.  The County bases its request on Federal Rule
18   of Evidence 615.  Oreizi does not oppose the County's motion.  Doc. No. 46 at 11.  Accordingly,
19   the Court will grant the County's motion based on and in a manner consistent with the County's
20   request.  At the motions-in-limine hearing, the Court informed the parties as to their own duty to
21   ensure prospective witnesses are not present during the presentation of other witnesses' testimony.

22

23          **E.     The County's Motion No. 7 concerning references to law firm size**

24          The County seeks an order excluding reference to the size or number of members of a law
25   firm.  Doc. No. 44 at 16.  The County asserts such information is irrelevant to any matter in this
26   case and might be used to engender bias against its lawyers.  The County bases its request on
27   Rules 402 and 403.  Oreizi does not oppose the County's motion.  Doc. No. 46 at 12.
28   Accordingly, the Court will grant the County's motion based on and in a manner consistent with

1   the County's request.

2

3       **F.      The County's Motion No. 8 concerning evidence of other lawsuits or adverse**

4               **proceedings**

5           The County seeks an order excluding evidence concerning any other lawsuits in which it

6   was or is a named defendant, including any claims or Civil Service Commission matters not

7   directly brought by Oreizi in this matter.  Doc. No. 44 at 17.  The County bases its request on

8   Rules 402 and 403.  Oreizi does not oppose the County's motion.  Doc. No. 46 at 13.

9   Accordingly, the Court will grant the County's motion based on and in a manner consistent with

10  the County's request.

11

12      **G.      The County's Motion No. 9 concerning evidence of motivations for**

13              **employment decisions**

14          The County seeks an order excluding evidence consisting of opinions, feelings, and beliefs

15  regarding the motivations for its employment decisions.  Doc. No. 44 at 18.  The County asserts

16  that witnesses, including Oreizi, may attempt to testify as to their opinions, feelings, and beliefs

17  regarding whether certain engagement in protected activities had anything to do with unwelcome

18  employment decisions.  Such testimony, the County contends, is irrelevant, pure speculation,

19  without foundation, inadmissible opinion, and more prejudicial than probative.  As to irrelevance,

20  the County clarifies that whether Oreizi or other witnesses "believe" or "feel" that they were the

21  victims of retaliation or discrimination is not evidence from which to infer that a specific decision

22  was motivated by an engagement in a protected activity.  According to the County, to introduce

23  such evidence would require a mini-trial to prove or disprove the accuracy of the witness's

24  opinion on the question of the lawfulness of the County's conduct.

25          Oreizi offers a qualified opposition to the County's motion.  Doc. No. 46 at 14.  He does

26  not oppose this motion to the extent that it does not purport to prevent him from presenting

27  evidence regarding his emotional distress arising from being the subject of discriminatory and

28  retaliatory employment decisions.  This evidence, Oreizi asserts, is relevant to his damages claim

1   and exclusion of such testimony would be unfairly prejudicial.  If such evidence can come in,

2   Oreizi proposes that a limiting instruction be given to advise the jury that it can consider such

3   evidence only for the issue of determining emotional distress.

4          In reply, the County asserts that Oreizi's qualified opposition is without merit and fails to

5   provide any supporting authority.  Doc. No. 57 at 10.  The County asserts that its motion should be

6   granted without qualification

7          The Court will deny the County's motion.  The County has not identified specific evidence

8   that is properly excluded as inadmissible and supports its motion only with an inapt comparison to

9   a summary judgment decision.  Roberson v. Quest Diagnostics, Inc., No. 07-2140-JAM-JFM,

10  2009 WL 4715859, at *3 (E.D. Cal. Dec. 2, 2009).  Oreizi's opposition indicates that there may be

11  some bases for the admission of evidence of this kind and suggests there may be reasonable

12  alternatives to a blanket exclusion order.  The County may renew its motion at trial outside the

13  presence of the jury, at which time it must be prepared to show why any disputed evidence should

14  be excluded.

15

16          **H.      The County's Motion No. 10 concerning lay witness opinions on**

17                  **discrimination or retaliation**

18         The County seeks an order excluding evidence consisting of lay witness opinions offered

19  to prove the existence of discrimination or retaliation.  Doc. No. 44 at 19.  The County contends

20  that lay witness testimony offered to demonstrate discrimination constitutes an inadmissible legal

21  conclusion.  That is, such testimony is conclusory in nature because of the separate, distinct, and

22  special legal meaning of the terms "discrimination" and "retaliation."  The County also asserts that

23  such evidence would be irrelevant and worthy of exclusion under Rule 403.

24         In opposition, Oreizi posits that there are better ways to address and limit the threat of lay

25  witnesses testifying as to legal conclusions.  Doc. No. 46 at 15–16.  Specifically, Oreizi states that

26  counsel can be required to preface relevant questions with language indicating that the ensuing

27  testimony constitutes a lay opinion (e.g., "is it your law opinion that X was discriminated against,"

28  as opposed to "was X discriminated against").  Oreizi also proposes that the jury can be instructed

that it is to use any answer to questions of this kind only for purposes of assessing the state of

mind of the testifying witness.  Oreizi asserts that these alternative options should be pursued here

because granting the County's motion would unfairly distort the facts presented to the jury and

prevent him from proving an element of his claim.  As to the latter concern, Oreizi points out that

making his case under Labor Code § 1102.5 (for purposes of his fourth and fifth causes of action)

necessarily involves presenting evidence as to his reasonable beliefs that he was subjected to

discrimination in violation of Government Code § 12940.  He adds that proving his claims will

also involve his testifying that he told others he was discriminated against.  Oreizi acknowledges

that his mere provision of this kind of testimony does not make it true, and that he will still need to

present evidence of actual discrimination in order to prevail on claims under § 12940.

In reply, the County asserts that Oreizi's opposition has no legs because his whistleblower

claims under § 1102.5 are without merit and should be barred.  Doc. No. 57 at 10.

The Court will deny the County's motion.  Resolution of this motion is similar to the one

discussed immediately above.  The County has not identified specific evidence that is properly

excluded as inadmissible and Oreizi indicates that there may be some bases for the admission of

foundational evidence of this kind.  The Court is also confident that ensuring lay witnesses do not

provide legal opinions can be accomplished through means other than the blanket exclusion order

that the County seeks.  To that end, at the motions-in-limine hearing, the Court discussed with

counsel their ability to object to improper lay witness testimony.  Should it prove necessary, the

County may renew its motion at trial outside the presence of the jury, at which time it must be

prepared to show why any disputed evidence should be excluded.

### I.      The County's Motion No. 11 concerning pre-limitation period discrimination

The County seeks an order excluding evidence of any discriminatory comments made prior

to the applicable limitation period.  Doc. No. 44 at 20.  Specifically, the County asserts that any

evidence of discrimination prior to December 7, 2015, should be barred, as it falls outside of the

one-year statute of limitations for filing a complaint with the California Department of Fair

Employment and Housing.  According to the County, such evidence is either not relevant or

1  properly excluded under Rule 403.

2       Oreizi objects to the County's request on grounds that case law generally deems such

3  evidence admissible under the continuing-violation doctrine or as background information for the

4  viable period.  Doc. No. 46 at 17–18.  Oreizi also challenges the County's request for a lack of

5  specificity regarding what particular evidence the County seeks to exclude.

6       In reply, the County asserts that Oreizi cannot avail himself of the continuing-violation

7  doctrine, as it is his burden to show that that exception to the general rule applies and he has failed

8  to meet that burden here.  Doc. No. 57 at 11.

9       Under California law, "[a] plaintiff suing for violations of [the Fair Employment and

10  Housing Act] ordinarily cannot recover for acts occurring more than one year before the filing of

11  the [Department of Fair Employment and Housing] complaint."  Jumaane v. City of Los Angeles,

12  241 Cal. App. 4th 1390, 1400 (2015); see also Cal. Gov't Code § 12960(e).  Recovery for acts

13  occurring before the one-year period can still be had if the continuing-violation doctrine applies.

14  "[W]hen an employer engages in a continuing course of unlawful conduct under the [Fair

15  Employment and Housing Act] . . . the statute of limitations begins to run not necessarily when the

16  employee first believes that his or her rights may have been violated, but rather, *either* when the

17  course of conduct is brought to an end, as by the employer's cessation of such conduct or by the

18  employee's resignation, or when the employee is on notice that further efforts to end the unlawful

19  conduct will be in vain."  Jumaane, 241 Cal. App. 4th at 1400 (quoting Richards v. CH2M Hill,

20  Inc., 26 Cal. 4th 798, 824 (2001)).  The plaintiff has the burden to prove that the employer's

21  conduct outside the limitations period (1) was similar or related to the conduct within the

22  limitations period; (2) was reasonably frequent; and (3) had not yet become permanent (i.e., clear

23  showing to reasonable employee that informal conciliation will be futile).  Id. at 1402.  Moreover,

24  evidence of time-barred discriminatory acts may still constitute relevant background evidence in

25  support of a timely discrimination claim.  Lyons v. England, 307 F.3d 1092, 1008 (9th Cir. 2002)

26  (quoting Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 102 (2002)); Richards, 26 Cal. 4th

27  at 812 (citing United Air Lines v. Evans, 431 U.S. 553 (1977)).

28       Based on the parties' briefing the Court is left in the dark.  The County does not provide

specific examples of evidence that it believes will be presented and should be excluded.  Without information of this kind, the Court has no ability to determine the relevance of specific evidence, nor whether the probative value of that evidence is substantially outweighed by its prejudicial effect.  Nor can the Court assess any evidence-specific argument regarding potential application of the continuing-violation doctrine or admission of evidence as background information.  If necessary, this issue can be renewed at trial outside of the jury's presence.  At this stage, however, the Court will deny the County's motion for a blanket exclusion order.

### J.      The County's Motion No. 12 concerning golden rule arguments

The County seeks an order excluding argument or statement from Oreizi's counsel to the jury suggesting that jurors should calculate Oreizi's alleged damages according to the amount they believe they would be personally entitled to as recompense for similar injuries.  Doc. No. 44 at 21. The County cites Rule 403 as the basis for its motion.  Oreizi does not oppose the County's motion.  Doc. No. 46 at 19.  Accordingly, the Court will grant the County's motion based on and in a manner consistent with the County's request.

### K.      The County's Motion No. 13 concerning recently disclosed witness

The County seeks an order excluding witness Carla Gile.  Doc. No. 44 at 22.  Gile was included in the pretrial order amongst Oreizi's list of witnesses that were expected to be called at trial.  Doc. No. 39 at 11.[3]

The County asserts that Oreizi should not be permitted to call Gile to testify at trial because he only disclosed the witness on the eve of trial.  The County adds that Oreizi was (or should have been) aware of Gile's identity years ago, and that the witness should have been disclosed initially or at least during discovery.  The County contends that, without timely disclosure, Oreizi prejudicially hampered its ability to consider, analyze, and discover how the witness may relate to the claims.

---

[3] The pretrial order referred to Gile as "Carla Giles," as this is how Oreizi originally identified the prospective witness. The parties each alternate between "Gile" and "Giles" throughout their briefing on the County's motion.

1    Oreizi opposes the County's request.  Doc. No. 46 at 20–21.  Through declarations from

2    counsel and himself (Doc. No. 46 at 31–32), Oreizi provides the following information in support

3    of his opposition:  Gile was a County employee until late 2020.  He accidentally ran into Gile on

4    or about July 30, 2021, and his counsel spoke with her on August 4, 2021, after being told that she

5    was no longer employed by the County.  Through that conversation, Gile confirmed that (1) she

6    had the office next to the one that Oreizi was given when he returned to the Department of

7    Agriculture in the spring of 2017, (2) she knew that Oreizi's office had been occupied by her

8    former boss before that time, and (3) Oreizi's office had had a computer, phone, and door, all of

9    which were removed immediately prior to Oreizi's arrival.  This information was communicated

10   by counsel to the County's counsel.

11   With these facts, Oreizi asserts that the relevance of Gile as a witness was not known to

12   him until August 4, 2021.  He contends that his ignorance constituted substantial justification for

13   the prior nondisclosure, and that the County will not be prejudiced because it knew or had access

14   to the same information given that Gile was a County employee up until late 2020.  He also

15   emphasizes allegations in the complaint that indicate the conditions regarding his office have been

16   a subject of this action since its inception.

17   In reply, the County asserts that Oreizi's opposition is without merit.  Doc. No. 57 at 12.

18   The County emphasizes that Oreizi fails to establish that he did not know about the identity of

19   Gile after working next door to her or within the same department.  The County also characterizes

20   Oreizi's claim of having accidentally ran into Gile on July 30, 2021, as "highly suspicious" given

21   this occurred right after the pretrial conference and amidst final trial preparation.  The County

22   states there is no reason to give credence to this "convenient story."  Finally, the County contends

23   that it would be prejudiced if Gile is not excluded, as she has not been deposed and there is no

24   time to do so prior to trial.

25   Federal Rule of Civil Procedure 26(a) requires that a party provide the opposing party with

26   "the name and, if known, the address and telephone number of each individual likely to have

27   discoverable information—along with the subjects of that information—that the disclosing party

28   may use to support its claims or defenses, unless the use would be solely for impeachment."  Fed.

13

R. Civ. P. 26(a)(1)(A)(i).  Under Rule 26(e), a party is under a continuing obligation to supplement its discovery responses in a timely manner.  See Fed. R. Civ. P. 26(e)(1).  If a party fails to identify a witness or make a disclosure that is required under Rule 26(a) or (e), Federal Rule of Civil Procedure 37(c)(1) states that "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  Courts consider the following factors to determine whether to preclude introduction of evidence pursuant to Rule 37:  "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for it[s] failure to disclose the evidence."  S.F. Baykeeper v. West Bay Sanitary Dist., 791 F. Supp. 2d 719, 733 (N.D. Cal. 2011).  "The party facing sanctions bears the burden of proving that its failure to disclose the required information was substantially justified or is harmless."  R & R Sails, Inc. v. Ins. Co. of the State of Pa., 673 F.3d 1240, 1246 (9th Cir. 2012).

The Court will grant the County's motion and preclude introduction of Gile as a witness at trial.  It is not disputed that Oreizi's disclosure of Gile was tardy in terms of the discovery cutoff date.  Instead, Oreizi argues that his tardiness was substantially justified.  To do so, he cites a case where the district court found the belated disclosure of witnesses who had "only recently obtained information relevant to the case" was substantially justified.  Red Rock Commc'ns, Inc. v. Am. Telecasting, Inc., No. CV-S01-0611-PMP(LRL), 2006 WL 2432628, at *2 (D. Nev. Aug. 21, 2006).  As that court explained, the disclosing party had "articulated a basis for substantial justification for its late disclosure because the witnesses' relevance became apparent due to events which occurred after the discovery cutoff date."  Id.  Despite efforts in Oreizi's and counsel's declarations, the facts here cannot be drawn parallel with those in Red Rock.  That is, nothing suggests that Gile was not in possession of the information she shared with counsel before discovery closed, nor has Oreizi represented that he did not know of Gile before that date. Although Oreizi states in his declaration that "[p]rior to speaking to Ms. Gile, I did not know what Ms. Gile knew about my office or the retaliation against me," this is simply an indictment of his

investigation and prosecution of his claims.  Counsel's asserted lack of knowledge of Gile's

relevance to the case prior to Oreizi's run-in is more understandable.  But this too brings things

back to Oreizi's own failure to investigate and prosecute his claims.  Because Oreizi has not

articulated a basis for substantial justification (or harmlessness) of his late disclosure of Gile, he

will be barred under Rule 37(c) from calling the witness at trial.

### L.     The County's Motion No. 14 concerning references to limine motions

The County seeks an order excluding any comment or reference to any motion in limine

made on behalf of any party regardless of whether said motion is granted or not.  Doc. No. 44 at

23.  Oreizi does not oppose the County's motion.  Doc. No. 46 at 22.  Accordingly, the Court will

grant the County's motion based on and in a manner consistent with the County's request.

### M.     The County's Motion No. 15 concerning insurance evidence

The County seeks an order excluding evidence regarding the insurance of any group or

party.  Doc. No. 44 at 24.  It bases its request on Federal Rule of Evidence 411.  Oreizi does not

oppose the County's motion.  Doc. No. 46 at 23.  Accordingly, the Court will grant the County's

motion based on and in a manner consistent with the County's request.

## <u>ORDER</u>

Accordingly, consistent with the explanations above, IT IS HEREBY ORDERED that:

1.     The County's Motion No. 1 (Doc. No. 44 at 6–7) concerning evidence for

defamation claim is DENIED;

2.     The County's Motion No. 2 (Doc. No. 44 at 8–9) concerning evidence for invasion

of privacy claim is DENIED;

3.     The County's Motion No. 5 (Doc. No. 44 at 14) concerning settlement/compromise

evidence is GRANTED;

4.     The County's Motion No. 6 (Doc. No. 44 at 15) concerning presence of non-

testifying witnesses is GRANTED;

5.     The County's Motion No. 7 (Doc. No. 44 at 16) concerning references to law firm size is GRANTED;

6.     The County's Motion No. 8 (Doc. No. 44 at 17) concerning evidence of other lawsuits or adverse proceedings is GRANTED;

7.     The County's Motion No. 9 (Doc. No. 44 at 18) concerning evidence of motivations for employment decisions is DENIED;

8.     The County's Motion No. 10 (Doc. No. 44 at 19) concerning lay witness opinions on discrimination or retaliation is DENIED;

9.     The County's Motion No. 11 (Doc. No. 44 at 20) concerning pre-limitations period discrimination is DENIED;

10.     The County's Motion No. 12 (Doc. No. 44 at 21) concerning golden rule arguments is GRANTED;

11.     The County's Motion No. 13 (Doc. No. 44 at 22) concerning recently disclosed witness is GRANTED;

12.     The County's Motion No. 14 (Doc. No. 44 at 23) concerning references to limine motions is GRANTED;

13.     The County's Motion No. 15 (Doc. No. 44 at 24) concerning insurance evidence is GRANTED;

14.     Oreizi's seventh (defamation) and eighth (invasion of privacy) causes of action are DISMISSED;

15.     The Court's rulings on Oreizi's Motion No. 1 and the County's Motion Nos. 3, 4, and 16 are RESERVED; and

16.     The Jury Trial set for September 14, 2021, and all related submission deadlines in the pretrial order (Doc. No. 39) are VACATED.

IT IS SO ORDERED.

Dated:   __August 31, 2021__           _____

                                  SENIOR  DISTRICT  JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28