# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **FARSHAD OREIZI,**<br><br>**Plaintiff,**<br><br>v.<br><br>**COUNTY OF FRESNO and DOES 1 through 20, inclusive,**<br><br>**Defendants.** | **CASE NO. 1:18-CV-00662-AWI-EPG**<br><br>**ORDER ON PLAINTIFF'S MOTION IN LIMINE NO. 1**<br><br>(Doc. No. 73) |

## INTRODUCTION

Pending before the Court is Plaintiff Farshad Oreizi's Motion in Limine No. 1 to exclude the Fresno County Civil Service Commission's ("CSC") Findings of Facts/Conclusion of Law ("FOF/COL") regarding Plaintiff's hearing before the CSC in January 2017.  Doc. No. 73.

As drawn from the Complaint and briefings of the parties, Plaintiff worked for Defendant County of Fresno's ("the County") Department of Agriculture from 1996 to March 2017. Beginning in 2007 Plaintiff served as a supervisor in the Huron District. On October 12, 2016, Plaintiff received a disciplinary action order stating he would be immediately terminated.  Plaintiff requested and was granted a hearing before the CSC. On January 27, 2017, the CSC issued a Notice of Decision ("NOD") which retroactively reinstated Plaintiff to his prior position, subject to a 240 hour suspension without pay.  Defendant requested reconsideration, but the NOD was affirmed.  Rather than reinstating Plaintiff to his prior position in Huron, Defendant assigned Plaintiff to work at the Department's Fresno office. On March 15, 2017, Plaintiff returned to work but was constructively terminated when he submitted his resignation on March 18, 2017.  Plaintiff

thereafter filed a Government Claim with the County of Fresno, alleging discrimination and retaliation. In response, Defendant requested the CSC's FOF/COL from Plaintiff's January 2017 hearing. On October 12, 2017, the CSC issued its FOF/COL which contained CSC's findings from the testimony of several witnesses and its conclusions based on those findings.

## PROCEDURAL BACKGROUND

Plaintiff's Complaint alleges three causes of action under California Fair Employment and Housing Act ("FEHA") § 12940, two causes of action under California Labor Code § 1102.5, and one cause of action under Fair Labor Standards Act ("FLSA") § 207(a)(1).[1] With respect to Plaintiff's pre-CSC hearing FEHA claims, the Court ruled that the CSC's FOF/COL have preclusive effect under the judicial exhaustion doctrine such that Plaintiff is now precluded from claiming: (1) Defendant lacked "just cause" to discipline Plaintiff, Doc. No. 70 at 15; (2) that Plaintiff's affirmative defenses were meritorious; (3) that Defendant disciplined or attempted to terminate Plaintiff based on his national origin or submission of a human resources complaint regarding derogatory comments he allegedly received based on his national origin, Id.; and (4) that Plaintiff was subject to a hostile work environment based on his national origin. Id. With respect to Plaintiff's Labor Code and FLSA claims, the Court ruled that the CSC's FOF/COL do not preclude those claims. Doc. No. 70 at 5 n.2. Thus, the remaining causes of action before the Court concern Plaintiff's post-CSC hearing FEHA claims, whistleblower retaliation claims under Labor Code § 1102.5, and unpaid overtime wage claims under FLSA.

## LEGAL STANDARD

**1. Motions in limine**

"A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." United States v. Heller, 551 F.3d 1108, 1111 (9th Cir. 2009). Motions in limine may be "made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." Stevenson v. Holland, 504 F. Supp. 3d 1107, 1114 (E.D. Cal. 2020) (citing Luce v. United States, 469 U.S. 38, 40 n.2 (1984)). "Although the Federal Rules of

---

[1] Plaintiff's Complaint also alleges causes of action for Defamation and Invasion of Privacy, but the Court dismissed them after Plaintiff voluntarily agreed to their dismissal. See Doc. No. 60 at 5, 7.

Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." Id. (citing Luce, 469 U.S. at 41 n.4); see also City of Pomona v. SQM N. Am. Corp., 866 F.3d 1060, 1070 (9th Cir. 2017) (explaining motions in limine "are useful tools to resolve issues which would otherwise clutter up the trial" (quoted source omitted)).

By resolving a motion in limine, the court may prevent the presentation of potentially prejudicial evidence to the jury, which also eliminates the need to try to neutralize a prejudicial taint after the evidence has already been presented. Stevenson, 504 F. Supp. 3d at 1114 (citing Brodit v. Cambra, 350 F.3d 985, 1004-05 (9th Cir. 2003)). Notwithstanding a motion in limine ruling, a court may change course at trial in the event that testimony or other evidence "bring[s] facts to the district court's attention that it did not anticipate at the time of its initial ruling." Id. at 1114-15 (citing United States v. Bensimon, 172 F.3d 1121, 1127 (9th Cir. 1999)).

**2. Admissibility generally**

Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401. Irrelevant evidence is not admissible. Fed. R. Evid. 402. "Relevancy is not an inherent characteristic of any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in the case." Sprint/United Mgmt. Co. v. Mendelsohn, 552 U.S. 379, 387 (2008) (quoting Fed. R. Evid. 401 advisory committee notes). Even if relevance is established, the court may exclude evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Additionally, hearsay statements are inadmissible unless they are defined as non-hearsay or fall within an exception to the hearsay rule. Calmat Co. v. United States DOL, 364 F.3d 1117, 1123 (9th Cir. 2004). "Hearsay" is a statement, other than one made by the declarant while testifying at the hearing, offered in evidence to prove the truth of the matter asserted by the out-of-court declarant. Id.

# PLAINTIFF'S MOTION IN LIMINE

*Plaintiff's Arguments*

Plaintiff seeks exclusion of the following matters:

1. Any and all evidence or testimony regarding the FOF/COL issued on October 12, 2017 by the CSC for the County of Fresno.

2. Any and all testimony, evidence, or argument that suggests, implies or states that the determinations of the CSC are binding or preclusive in the present case.

Plaintiff first argues that the FOF/COL is inadmissible hearsay because the FOF/COL document itself and the testimony of witnesses contained therein consist of a series of out of court statements not made under oath to prove a claim in the present case. Additionally, Plaintiff argues that the FOF/COL do not fall within the "public records" hearsay exception because Rule 803(8)(A)(iii) applies to "investigations," not "adjudications," and the FOF/COL are of sufficiently judicial character such that the Rule does not apply. Plaintiff also asserts that the FOF/COL cannot alternatively be offered to prove Defendant's reasons for relocating Plaintiff from Huron to Fresno because Plaintiff never alleged in the first instance that he should have been reinstated to Huron.

Plaintiff also contends that the FOF/COL are inadmissible lay opinion because the Civil Service Commission was not a percipient witness to the events in question. Additionally, Plaintiff argues that the FOF/COL are inadmissible expert opinion because the members of the Civil Service Commission are not experts but rather were appointed to act as a public oversight with no requirement that they have specialized knowledge or training and with no applicable system of principles and methods to determine creditability and other factual issues.

Plaintiff also opines that the FOF/COL are inadmissible because they offer legal conclusions on credibility and other factual matters that are supposed to be decided by the trier of fact in the present case.

Plaintiff further argues that the FOF/COL are inadmissible under Fed. R. Evid. 403 because they provide marginal probative value that is substantially outweighed by a danger of prejudice to Plaintiff, cumulative evidence, and misleading the jury. Plaintiff further argues that

4

1 rather than presenting the FOF/COL to the jury in this case, Defendant could present the same
2 evidence it presented to the CSC so that the jury could form their own conclusions from the
3 evidence.

4 *Defendant's Arguments*

5 Defendant argues that the FOF/COL is admissible relevant evidence that is essential to
6 prove its defense that it had a neutral reason for terminating Plaintiff and thereafter reinstating
7 Plaintiff in Fresno rather than Huron.

8 With respect to Plaintiff's hearsay argument, Defendant contends that the "public record"
9 hearsay exception under Rule 803(8)(A)(iii) applies.  Specifically, Defendant argues the
10 FOF/COL consist of factual findings from a legally authorized investigation in a civil case and
11 Plaintiff failed to prove they lacked trustworthiness.  Defendant also argues that the FOF/COL are
12 not hearsay because they are not being offered to prove the truth of the matter asserted, but rather
13 to establish the basis of its decision to terminate Plaintiff's employment and thereafter reinstate
14 Plaintiff in Fresno.

15 With respect to Plaintiff's legal conclusion argument, Defendant argues that the
16 conclusions and opinions in the FOF/COL do not make them inadmissible public records.
17 According to Defendant, the FOF/COL are admissible because they are based on a factual
18 investigation and satisfy Rule 803(8)(A)(iii)'s trustworthiness requirement.

19 With respect to Fed. R. Evid. 403, Defendant contends the FOF/COL are admissible due to
20 their high probative value in establishing Defendant's reasons for terminating Plaintiff and
21 reinstating him in Fresno.  Additionally, Defendant argues that its defenses would be materially
22 prejudiced without the FOF/COL.

23 *Discussion*

24 Federal Rule of Evidence 803 permits certain types of hearsay to be introduced as
25 evidence. Defendant invokes 803(8)(A)(iii) to permit it to introduce the CSC's FOF/COL.  This
26 Rule allows into evidence "A record or statement of a public office if . . . it sets out[] in a civil
27 case or against the government in a criminal case, factual findings from a legally authorized
28 investigation; and [] the opponent does not show that the source of information or other

1 circumstances indicate a lack of trustworthiness." Fed. R. Evid. 803(8)(A)(iii), (B).  While the
2 Ninth Circuit has "held EEOC or federal agency determinations to be per se admissible in a trial
3 *de novo*," Baldwin v. Rice, 144 F.R.D. 102, 104 (E.D. Cal. 1992) (citing Bradshaw v. Zoological
4 Soc. of San Diego, 569 F.2d 1066 (9th Cir. 1978)), courts in the Ninth Circuit have not ascribed
5 such per se admissibility to civil service commission determinations, and have instead analyzed
6 them for relevance, prejudice, and hearsay.  See Bahra v. Cty. of San Bernardino, 2021 U.S. Dist.
7 LEXIS 170596, *6-8 (C.D. Cal. June 24, 2021) (granting plaintiff's motion to exclude CSC's
8 FOF/COL on grounds of hearsay); Coyne v. Cty. of San Diego, 2010 U.S. Dist. LEXIS 44541,
9 *24-27 (S.D. Cal. May 4, 2010) (denying in part plaintiff's motion to exclude CSC's FOF/COL on
10 grounds of relevance).

11       For example, in *Bahra*, the plaintiff moved to exclude the Finding of Fact and Conclusion
12 of Law drafted by a Civil Service Commission.  Bahra, 2021 U.S. Dist. LEXIS 170596, at *6.
13 The court granted the motion because "to the extent they are offered for their truth, these findings
14 and conclusion constitute inadmissible hearsay under Fed. R. Evid. 802." Id. at *7.  Because the
15 defendants failed to identify any applicable hearsay exception or identify any other purpose for
16 which the evidence would be relevant or admissible, the court precluded any reference to the
17 commission's factual findings and legal conclusions.  Id.

18       Here, as in *Bahra*, the Court agrees with Plaintiff that the CSC's FOF/COL and the
19 testimony of the witnesses contained therein constitute hearsay.  While neither party identified,
20 nor has the Court been able to locate, any Ninth Circuit case that expressly reviewed the issue of
21 whether a CSC's FOF/COL fall within the "public records" hearsay exception, the Court need not
22 analyze this issue at this time because the Court will exclude the CSC's FOF/COL on the basis of
23 Fed. R. Evid. 403.

24       Some of the CSC's determinations directly bear on Plaintiff's causes of action and pose
25 substantial risks of confusing the issues and misleading the jury.  For example, Conclusion No. 13
26 states "The Commission finds and concludes that Appellant's various defenses alleging, in
27 essence, retaliation and cover up, are all discredited. Appellant provided no credible evidence of
28 retaliation by the County or its employees against Appellants." Doc. No. 73 at 46.  Based on this

Conclusion and as stated above, the Court previously ruled that Plaintiff is precluded from claiming that he had meritorious affirmative defenses with respect to his pre-CSC hearing FEHA claims. Doc. No. 70 at 15. However, the Court also ruled that this preclusion does not affect Plaintiff's post-CSC hearing FEHA claims or whistleblower retaliation claims under Labor Code § 1102.5. Id. at 5 n.2. Given that the wording of Conclusion No. 13 appears to suggest that "all" of Plaintiff's "various defenses" including "retaliation" are "discredited," the jury would likely give it undue weight and/or get confused as to whether it applies to Plaintiff's whistleblower retaliation claims or post-CSC hearing discrimination claims. The risk of the jury giving the CSC's FOF/COL undue weight is especially apparent given the specific judicial capacity traits exhibited by the Fresno County CSC, which this Court described at length in its prior summary judgment order. See Doc. No. 70 at 6-13; see also Cardinal v. Buchnoff, 2010 U.S. Dist. LEXIS 86523, *8 (S.D. Cal. Aug. 23, 2010) (stating that under Rule 403, courts are "generally hesitant to admit other judicial opinions or statements into evidence, even when relevant, because '[j]udicial findings of fact present a rare case where, by virtue of their having been made by a judge, they would likely be given undue weight by the jury, thus creating a serious danger of unfair prejudice'" (citing Carter v. Burch, 34 F.3d 257, 265 (4th Cir. 1994) and United States v. Sine, 493 F.3d 1021, 1034 (9th Cir. 2007)). Thus, a serious danger of unfair prejudice to Plaintiff would result if the jury was presented with the CSC's FOF/COL regarding Plaintiff's affirmative defenses.

Nevertheless, the Court will not exclude the CSC's FOF/COL in their entirety. The Court will allow introduction of pages 1 and 2 of the FOF/COL document for Defendant to use in support of its argument that it had legitimate, independent reasons for terminating Plaintiff and reinstating him in Fresno. The parties may also use these pages to show that the CSC lowered Plaintiff's discipline from termination to suspension for 240 hours without pay. Additionally, the Court will allow introduction of the section on page 25 that states Plaintiff's testimony. The other sections stating the testimony of other witnesses will be excluded. Witnesses on both sides will testify at trial as to the events in question, and that testimony renders the testimonies in the FOF/COL unnecessarily cumulative.

# **ORDER**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion in Limine No. 1 is GRANTED IN PART and DENIED IN PART as set forth above.

IT IS SO ORDERED.

Dated:   August 9, 2022                          _____
                                                                  SENIOR  DISTRICT  JUDGE